ORIGINAL

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| ANDREW SIEBERT, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:13-CV-825-O |
| | § | |
| RODNEY W. CHANDLER, Warden, | § | |
| FCI-Fort Worth, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

### B. PARTIES

Petitioner Andrew Siebert, Reg. 33672-177, is a federal prisoner incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Rodney W. Chandler is Warden of FCI-Fort Worth.

## C. Procedural History

Petitioner is serving concurrent 60-month terms of imprisonment for his convictions on multiple counts of conspiracy to commit mail fraud, wire fraud, and bank fraud in the United States District Court for the Northern District of Texas, Dallas Division, in cause number 3:05-CR-220-M. (Resp't App. at 3-4)  In the instant petition, petitioner asserts the Bureau of Prisons (BOP) has abused its authority and violated his right to be "treated impartially and fairly" by denying his request for transfer to a prison camp.  (Pet. at 5; Pet'r Mem. at 3-11)

Petitioner attempted to resolve the issue informally without success, and then sought administrative remedy.  (Pet'r Mem., Attachs.)  The warden responded as follows:

> This is in response to your Request for Administrative Remedy dated December 2, 2012, wherein you are requesting to know why you were denied camp placement.
>
> A review of your case revealed you were submitted for a transfer to a Minimum security level facility on November 6, 2012.  The Designation and Sentence Computation Center (DSCC) denied the request for a less security transfer based on your lengthy prior arrest history for violent behavior.
>
> On November 8, 2012, your unit manager contacted the DSCC to get clarification of the denial and to explain to them that, although you had several arrest[s] for violent offenses, all of the charges were dismissed.
>
> On November 9, 2012, the DSCC stated that despite the dismissals, your numerous arrests for violent behaviors was considered, and you were denied because of the high risk you posed at a Minimum security level facility.  Therefore, you will not be reconsidered for a transfer to a Minimum security level facility until November 2013.
>
> Based on the above information, you request is denied.

(*Id.*)

> On appeal, the regional director responded as follows:
>
> We have assessed all relevant factors in your case and find the Warden appropriately addressed your concerns.  Research into this matter indicates the institution submitted

a request for a lesser security transfer to the Designation and Sentence Computation Center (DSCC). This request was denied by the DSCC November 6, 2012, due to your prior arrest history. Institution staff will continue to evaluate your case at your regularly scheduled program review meetings.

Based on the above information, your appeal is denied.

(*Id.*[1])

## D. DISCUSSION

Petitioner concedes he has no constitutional right to be incarcerated in a certain prison facility, but "vigorously maintains that he does possess a protected liberty interest to be treated respectfully, impartially, and fairly" by prison personnel, a right created by § 541.12 of the Code of Federal Regulations, which states that "[y]ou have the right to expect that as a human being you will be treated respectfully, impartially and fairly by all [BOP] personnel." (Pet'r Mem. at 3-4) *See* 28 C.F.R. § 541.12 (2010) (entitled "Inmate rights and responsibilities"). Petitioner urges the BOP has breached that right in denying his transfer. ( *Id.* at 4) According to petitioner,

> because he was released for a total of 60 months (from the time of his initial arrest to the time he self-surrendered at FCI Fort Worth to serve his sentence) incident free and ostensibly posed no risk to anyone, then the BOP DSCC has clearly abused its discretional authority in finding that Petitioner poses a high risk at a camp. In committing such an arbitrary and capricious exercise of its discretionary authority, . . . the BOP DSCC has . . . breached his protected liberty interest to be treated impartially and fairly.

(*Id.* at 10-11)

The Due Process Clause of the Fifth Amendment generally prohibits any governmental action that interferes with life, liberty, or property without due process of law. In addition to its procedural guarantees, the Due Process Clause includes a substantive component, which prohibits government

---

[1]Although respondent apparently exhausted the administrative remedy process at the national level, neither party provides a copy of the response.

interference with certain "fundamental" liberty interests. *See Reno v. Flores,* 507 U.S. 292, 301-02 (1993).

As acknowledged by petitioner, it is well established that the BOP has wide discretion, "free from judicial intervention," in designating the place of confinement for the purposes of serving federal sentences and that prisoners have no constitutionally protected liberty interest in being assigned to a particular prison facility or custodial status.  (Pet'r Mem. at 3-4)  *See Olim v. Wakinekona,* 461 U.S. 238, 245-47 (1983); *Meachum v. Fano,* 427 U.S. 215, 224-25 (1976); *McCord v. Maggio,* 910 F.2d 1248, 1250-51 (5th Cir. 1990). Petitioner's claim that § 541.12 creates such an interest is not persuasive. Prison regulations are "primarily designed to guide correctional officials in the administration of a prison.  [They are] not designed to confer rights on inmates." *Sandin v. Conner,* 515 U.S. 472, 481-82 (1995).  Where a liberty or property interest has been infringed, the process which is due under the United States Constitution is that measured by the Due Process Clause, not prison regulations.  Furthermore, § 541.12 no longer appears in Title 28 of the Code of Federal Regulations.  28 C.F.R. (2013).

## II. RECOMMENDATION

Petitioner's motion for appointment of counsel is DENIED, and, based on the forgoing discussion, it is recommended that his petition for writ of habeas corpus be DENIED.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

4

Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February _27_, 2014. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until February _27_, 2014, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February _6_, 2014.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE